UNITED STATES *v.* W. WRIGHTSON

No. 4913.—Invoice dated Caibarien, Cuba, August 4, 1939.
　　　　Entered at Miami, Fla., August 7, 1939.
　　　　Entry No. M–55.

(Decided May 15, 1940)

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the plaintiff.
Defendant not represented by counsel.

KINCHELOE, Judge: This is an appeal to reappraisement by the collector of customs from a finding of value by the United States appraiser at the port of Miami, Fla., on a certain importation of old and new Cuban roofing tiles from Caibarien, Cuba.

Both of said classes of tiles were entered and appraised at their invoice values, to wit: the new tiles at $10 per thousand, and the old at $12 per thousand. At the trial, counsel for the plaintiff stated

The Government asks for a correct dutiable value of $16. per thousand for the new Cuban roofing tiles, and $18. per thousand for the old Cuban roofing tiles.

Plaintiff introduced as a witness the United States customs agent who conducted an investigation in the country of exportation of the instant merchandise with reference to transactions of the foreign shipper thereof, involving old and new Cuban roofing tiles. Much of said witness' testimony is merely a reiteration of what is contained in his report of said investigation, which report was admitted in evidence herein and marked Exhibit 1.

The oral testimony not embraced within the report of said witness was to the effect that the exporting company of the instant merchandise purchases the tiles from manufacturers and middlemen located in different parts of Cuba, the country of exportation of the merchandise in question; that all sales are consummated at Caibarien, Cuba; and that, except for shipments to the importer herein, all sales were for home consumption.

In his report, Exhibit 1, said witness states that he interviewed the president of the foreign company that shipped the instant merchandise, and was advised by said official that said company sells tiles to whomever will purchase them, although the bulk of said merchandise is taken by the importer of the present merchandise; that his arrangement with the importer herein is "more or less of a friendly nature"; and that he is contemplating discontinuing such arrangement because it was commercially unprofitable. Said witness further reports that he examined the records of said foreign company and found that the transactions with the importer herein are kept separate and apart from the regular books of account.

Incorporated in said report are records of transactions of the said foreign company, comprising two sales invoices and five purchase invoices. One of the sales invoices covers a sale of 1,200 new tiles at $18 per thousand, and the other shows a sale of 3,000 tiles (whether old or new is not disclosed) at $15 a thousand. Three of said purchase invoices show purchases of different quantities of new tiles at prices ranging from $13 per thousand to $18 per thousand; one of such invoices covers the purchase of 5,400 old tiles at $16 per thousand; and the fifth purchase invoice shows the purchase of 830 tiles, 300 of which at a price of $13 a thousand, and the remainder at $16 a thousand.

It is further stated in said report, Exhibit 1, that the exporter charges the importer herein the factory price for the tiles, plus $1 per thousand commission; and that the importer pays all charges accruing upon the merchandise from the factory to the loading vessel.

The defendant offered some evidence but it is somewhat vague and indefinite, and, in my judgment, offers little, if any, support toward a proper determination of the issue presented herein.

It will be observed that the proof adduced by plaintiff concerning conditions in the foreign market relates entirely to the business of the foreign shipper of the merchandise in question. Such evidence,

in the light of the entire record before me, is not to be taken as representative of prevailing conditions at the time of exportation of the instant merchandise in my determination of the proper dutiable value of the instant merchandise. See *United States* v. *International Forwarding Co., Inc.*, 27 C. C. P. A. 21, C. A. D. 56.

Moreover, the true status in the foreign market of the foreign shipper of the instant merchandise has not been established herein. As stated by plaintiff's witness, said company's purchases are made from manufacturers and middlemen, yet the record is silent as to whether the sales by such manufacturers and middlemen are limited to the shipper of the tiles in question, or whether they are unrestricted and the merchandise is freely offered to all purchasers at their prices. See *United States* v. *Robinson* (19 C. C. P. A. 274, T. D. 45436).

It must be borne in mind that this appeal for reappraisement is a collector's appeal. This being true, that part of section 501 of the Tariff Act of 1930, providing in substance that the value found by the appraiser shall be presumed to be the value of the merchandise and that the burden shall rest upon the party who challenges its correctness to prove otherwise, is just as binding in a reappraisement case on a collector's appeal as it is on an importer's appeal.

After carefully considering the record before me I am of the opinion, and I so hold, that the plaintiff has not met the burden placed upon it in this case; and that it has not produced sufficient probative evidence to overcome the presumption of correctness attaching to the appraiser's finding of value in the appraisement of the instant merchandise.

I therefore find that the appraised values are the proper dutiable values of this merchandise. Judgment will be rendered accordingly.